UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARCUS SENIOR By his Mother and : 
GUARDIAN, MARCIA SENIOR, and :
MARCIA SENIOR, Individually, :
: **REPORT AND**
Plaintiffs, : **RECOMMENDATION**
:
-against- : 15-CV-1009 (ENV)(PK)
:
EIHAB HUMAN SERVICES, INC., FATMA :
ABBOUD, ROSE JEAN-PIERRE, and FAWZI :
ABU HASHISH, :
:
Defendants. :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

   Plaintiffs Marcus and Marcia Senior bring this action, in which they allege that Marcus Senior was subjected to multiple anal rapes while in the care of defendant Eihab Human Services, Inc., ("Eihab") pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Medicaid Act and the Federal Nursing Home Reform Act, 42 U.S.C. §§ 1320 et seq. and 1396v et seq.; the New York State Human Rights Law, New York Executive Law § 296 et seq.; the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq.; and the common law of torts. Presently before the Court, on referral from the Honorable Eric N. Vitaliano, is the parties' proposed dismissal of defendant Fawzi Abu Hashish. See 11/2/2015 Order, ECF. For the reasons stated herein, this Court respectfully recommends that the parties' proposed dismissal be so-ordered.

## BACKGROUND

   Eihab owns and operates a residential facility known as Tiff Court. Compl., ECF No. 1, ¶ 8. Marcus Senior was a resident at Tiff Court from approximately his 21st birthday, in April 2009, until February 2013. See id., ¶¶ 8, 18-19, 22. Marcus Senior's mother, Marcia Senior, is Marcus Senior's legal guardian. Id., ¶ 7.

On October 30, 2015, the parties filed a joint Stipulation of Partial Discontinuance (the "Stipulation"). See Stip., ECF No. 14; attached here as Exhibit 1. The Stipulation provides for the dismissal of individual defendant Fawzi Abu Hashish ("defendant Hashish"). The proposed dismissal was referred to this Court, see 11/2/2015 Order, ECF, and an infant compromise hearing pursuant to E.D.N.Y. Local Civil Rule 83.2 was held on December 1, 2015. At the infant compromise hearing, the parties explained to the Court that defendant Hashish had been sued in error. Defendant Hashish was no longer an employee of Eihab during the relevant time period. See Minute Entry for December 1, 2015 Status Conference and Hearing, 12/01/2015 Entry, ECF. The parties represented that correcting this error is the sole reason for defendant Hashish's proposed dismissal from the case.

## ANALYSIS

Local Civil Rule 83.2(a)(1) of the Eastern District of New York requires that "an action by or on behalf of an infant or incompetent shall not be…voluntarily discontinued…without leave of the Court…." When such a discontinuance is proposed, the Court is to conduct an infant compromise proceeding. Because of plaintiff Marcus Senior's legal status as an incompetent, the proposal to voluntarily discontinue a defendant in this litigation requires such an infant compromise hearing.

An infant compromise hearing is primarily concerned with the settlement through which the proposed discontinuance would be effected. See Rodney v. City of New York, No. 13 Civ. 6179(RRM)(VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015). The Court is to evaluate whether the proposed settlement is "fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." See id.

The parties here agree that defendant Hashish has no relationship to the events at issue in this litigation. Accordingly, his inclusion in the case was the result of an error, and his unconditional

termination from the case is fair.  No attorneys' fees are being sought.  It is also not in Marcus Senior's interest to continue litigation with respect to a defendant against whom both sides agree no factual claims can be brought.

## **CONCLUSION**

For the reasons stated above, this Court respectfully recommends that the proposed dismissal be so-ordered.

Written objections to this Report and Recommendation must be filed with the Clerk of Court, with a courtesy copy sent to the Honorable Eric N. Vitaliano, at 225 Cadman Plaza East, Brooklyn, New York 11201, within 14 days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Dated: Brooklyn, New York
       February 10, 2016

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge