UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
MARCUS SENIOR By his Mother and        :
GUARDIAN, MARCIA SENIOR, and           :
MARCIA SENIOR, Individually,           :        **MEMORANDUM AND ORDER**
                                       :
                    Plaintiffs,        :        15-CV-1009 (ENV)(PK)
                                       :
           -against-                   :
                                       :
EIHAB HUMAN SERVICES, INC., FATMA      :
ABBOUD, ROSE JEAN-PIERRE, and FAWZI    :
ABU HASHISH,                           :
                                       :
                    Defendants.        :
-------------------------------------------------------- x


**Peggy Kuo, United States Magistrate Judge:**

Plaintiffs Marcus and Marcia Senior bring this action, in which they allege that Marcus

Senior was subjected to multiple rapes while in the care of Defendant Eihab Human Services, Inc.,

pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Medicaid Act and the Federal

Nursing Home Reform Act, 42 U.S.C. §§ 1320 <u>et seq</u>. and 1396v <u>et seq</u>.; the New York State

Human Rights Law, New York Executive Law § 296 <u>et seq</u>.; the New York City Human Rights Law,

New York City Administrative Code § 8-107 <u>et seq</u>.; and the common law of torts.  Before the

Court is Plaintiffs' Motion to Compel Defendants to provide Plaintiffs with two documents – a

Behavior Support Plan and an Individualized Service Plan ("the documents") – that contain medical

information about a third party (the "other individual").  <u>See</u> Doc. 22, 24, ECF.  For the reasons that

follow, the Court orders Defendants to produce to Plaintiffs' counsel copies of both documents,

pursuant to a protective order.

The Court assumes the parties' familiarity with the facts.

## DISCUSSION

As a threshold matter, Defendants argue that the documents do not contain information

that warrants disclosure to Plaintiffs. See Doc. 24, ECF. The Court has reviewed the documents *in camera*, and disagrees. Having considered the documents' relevance, their proportionate need to the case, any other access Plaintiffs might have to the information they contain, the importance of the information to resolving the issues in the case, and the burden versus the benefit of their production, the Court concludes that Plaintiffs are entitled to the information in the documents pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Defendants argue that the documents are barred from disclosure to Plaintiffs on two grounds: various state privileges, and provisions of the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996). See Doc. 16, 23, ECF. As to HIPAA, Defendants contend that, at minimum, notice to the legal guardian of the other individual and an opportunity for that person to object to disclosure are required before the documents may be turned over. The Court addresses each of Defendants' arguments in turn.

## I.     State Privilege Law

This case arises in federal court on the basis of a federal question. "It is axiomatic that state privilege laws do not govern in federal question cases." In re Zyprexa Products Liability Litigation, 254 F.R.D. 50, 52 (E.D.N.Y. 2008). See also von Bulow v. von Bulow, 811 F.2d 135, 141 (2d Cir. 1987); King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (collecting cases). While "[s]tate rules may illustrate important privacy interests," simple direct application of the state rule "would often frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy…." King v. Conde, 121 F.R.D. at 187. Accordingly, the state privilege laws that Defendants cite do not bar discovery of the documents.

## II.     HIPAA

There is no dispute that the documents are of the type HIPAA normally protects. However, HIPAA does not require notice and an opportunity to be heard for the legal guardian of the other

individual whose medical information the documents contain. "There are many circumstances in which 'a covered entity may use or disclose protected health information without the written authorization of the individual…or the opportunity for the individual to agree or object.'" In re Zyprexa, 254 F.R.D. at 53, quoting 45 C.F.R. § 164.512. Among those circumstances are disclosures made in response to a court order. 45 C.F.R. § 164.512(e)(1)(i). See also In re Zyprexa, 254 F.R.D. at 53; Pal v. New York University, No. 06-CV-5892 (BSJ)(FM), 2007 WL 1522618, at *3 (S.D.N.Y. May 22, 2007). Moreover, the use of a court order to compel such disclosures in the discovery phase of litigation is specifically contemplated by HIPAA. See In re Zyprexa, 254 F.R.D. at 53-54, citing Bayne v. Provost, 359 F. Supp.2d 234, 237 (N.D.N.Y. 2005). When information covered by HIPAA is disclosed in response to a court order, that disclosure is limited to information expressly authorized by the court order. See 45 C.F.R. § 164.512(e)(1)(i).

The Court finds that neither state privileges nor HIPAA poses a barrier to the production of otherwise discoverable documents in this litigation.

## III.   Form of Production

HIPAA also allows for information covered by HIPAA to be disclosed in response to a discovery request, even absent a court order, when a protective order is in place (or reasonable efforts have been made to secure one). See 45 C.F.R. § 164.512(e)(1)(ii)(B). Plaintiffs have suggested that the documents be provided in redacted form. However, meaningful de-identification of the documents pursuant to HIPAA guidelines has been rendered impossible by defense counsel revealing the other individual's name on the court record.[1]

The more effective approach in this case, therefore, is for the documents to be disclosed to

---

[1] HIPAA de-identification guidelines require redactions of, among other pieces of information, names and geographic subdivisions smaller than states. See Nat'l Abortion Fed'n v. Ashcroft, No. 03-CV-8695 (RCC), 2004 WL 555701, at *3 (S.D.N.Y. Mar. 19, 2004). That information about the other individual is now available publicly in these court records as a result of defense counsel's unprompted on-the-record disclosures.

Plaintiffs' counsel pursuant to a protective order.

**CONCLUSION**

Plaintiffs' motion to compel is GRANTED, pursuant to a protective order that limits use of the information in the documents to the litigation process, and requires the documents and any copies to be returned or destroyed at the conclusion of the litigation. See Nat'l Abortion Fed'n, 2004 WL 555701, at *2. After the protective order is in place, Defendants are to turn over to Plaintiffs' counsel copies of the documents.

Plaintiffs are directed to propose a protective order. Defendants may respond pursuant to the deadlines set forth in the scheduling order that will be entered on ECF.

Dated: Brooklyn, New York
   April 1, 2016

           **SO ORDERED:**

           *Peggy Kuo*
           PEGGY KUO
           United States Magistrate Judge