UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MARCUS SENIOR by his Mother and Guardian, :
Marcia Senior; MARCIA SENIOR, individually, :
                                                  Plaintiffs, :    SHORT FORM
                                                                 :    MEMORANDUM & ORDER
                         -against-                       :
                                                            :    15-CV-1009 (ENV) (PK)
EIHAB HUMAN SERVICES, INC., :
                                                 Defendant. :
------------------------------------------------------------- x

VITALIANO, D.J.

        In its short form Order filed April 19, 2023, Dkt. 117, the Court ruled upon a series of *in limine* motions filed by the parties. Familiarity of the parties with the rulings, background, and procedural history of the matter as set forth in that Order is presumed. After the final pre-trial conference and in advance of jury selection, now scheduled for May 8, 2023, both sides filed supplemental letters addressing a new *in limine* motion. The Court, having considered the submissions of the parties, resolves the motion in the manner and for the reasons as set forth below.

| I.     Plaintiffs' *In Limine* Motion | |
|---|---|
| Motion | Ruling |
| (A) Having unsuccessfully pursued a spoliation charge regarding certain records once in defendant's possession but no longer available, collaterally, plaintiffs seek to introduce evidence that defendant | (A) Even in cases where a spoliation charge was ultimately denied, courts in the Second Circuit have allowed parties to comment on the absence of lost or destroyed evidence in some circumstances. For example, in *Martinez v. City of New York*, the plaintiff was allowed to inform the jury that defendant had |

1

| | |
|---|---|
| Eihab was not able to produce all of C.N.'s Antecedent, Behavior, Consequence ("ABC") Records, except those for August 2011 to November 2011, in response to a document demand for all of C.N.'s ABC Records. Plaintiffs also seek to introduce evidence that defendant lost a recording of C.N.'s voice. | looked for, but had been unable to find, certain documents, because that fact was undisputed. *Martinez v. City of New York*, No. 16-CV-79, 2022 WL 17090267, at *9 (E.D.N.Y. Nov. 18, 2022). Parties have also been allowed to make arguments that the jury should draw adverse inferences about lost evidence, even if the court declined to grant an adverse inference sanction. *See, e.g.*, *Stern v. Shammas*, No. 12-CV-5210, 2015 WL 4530473, at *14 (E.D.N.Y. July 27, 2015); *Calpine Corp. v. AP&M Field Servs., Inc.*, No. 07-CIV-9911, 2008 WL 5159775, at *5 (S.D.N.Y. Dec. 9, 2008). However, this is not a universal rule. At least one prior decision held that information about the unintentional destruction of electronic evidence should not be conveyed to the jury, "because the only reason for telling the jury about the destruction of the videotape is to ask them to . . . draw an adverse inference against the defendants." *Rothman v. City of New York*, No. 19-CV-225, 2020 WL 5628051, at *3 (S.D.N.Y. Sept. 21, 2020).<br><br>Little is in dispute here on this point. The parties have stipulated that "after a search for [C.N.'s ABC] |

2

|  | records encompassing the period from when C.N. first resided at Tiff Court in December of 2009 through April of 2013, defendant was unable to locate and produce any such records . . . other than those pertaining to the period from August 2011 through November 2011." Pls.' Letter Ex. D, Dkt. 124-4. Regarding the lost ABC records, therefore, the motion *in limine* is granted to the extent that any party may reference the undisputed facts in the stipulation.[1] *See Martinez*, 2022 WL 17090267, at *9. Critically, though, plaintiffs may not argue that the jury may draw an adverse inference from any such missing evidence, as any such argument would be in derogation of the Court's ruling on spoliation and its holding that such inference is unwarranted.[2] As for the missing recording of C.N.'s voice, the parties do not appear to dispute that the MMS recording of |

---

[1] While plaintiffs argue that they originally requested a wider swath of C.N.'s behavioral records, that particular discovery dispute is not relevant at this stage. The eve of trial is not the time to resurrect discovery grievances. With no new facts in issue, the time for that is long gone.

[2] Plaintiffs also redundantly argue that the loss of C.N.'s records amounts to spoliation, and therefore plaintiffs should be allowed to make comments to the jury about the absence of those records. Unsupported by any newly discovered facts or change in law, this naked attempt to relitigate the Court's prior Order will not be entertained.

|  | C.N.'s voice was created by an Eihab employee and, at some point, unintentionally lost. At any rate, the recording itself has little relevance. *See Rothman*, 2020 WL 5628051, at *3. Plainly, the MMS recording is relevant as it is one of the bases upon which Bigelow can make a voice identification of C.N., and solely for that purpose. *See* April 19 Order, Dkt. 117, at 15–16. Therefore, while the parties may mention the recording for the purpose of laying a foundation for Bigelow's voice identification, they may not mention it for any other purpose, nor argue that the jury may draw an adverse inference from the recording's absence. |
|---|---|

So Ordered.

Dated: Brooklyn, New York
May 4, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

4